ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Eric.Cheng@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 3:19-CR-00169 CRB |
|---|---|
| Plaintiff, | ) [PROPOSED] DETENTION ORDER |
| v. | ) |
| BRANDON SIMS-WHITE, | ) |
| Defendant. | ) |

This matter came before this Court on February 28, 2024 for a detention hearing. The defendant Brandon Sims-White appeared before this Court in connection with a petition to revoke the Defendant's supervised release. The defendant was present and represented by counsel. The government moved for detention, and the defendant opposed. Pursuant to Federal Rules of Criminal Procedure 32.1 and 46(d), which incorporates 18 U.S.C. § 3143(a)(1), "the burden of establishing by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community rests with the [defendant]." Fed. R. Crim. P. 32.1(a)(6); *see also* 18 U.S.C. § 3143(a)(1). At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers, and arguments presented, and for the reasons stated on the record, the Court finds the defendant has not established by clear and convincing evidence that the

defendant will not flee for the reasons stated on the record, and the defendant should therefore be detained.

Specifically, the record shows that in October 2019, the defendant was sentenced by the Honorable Charles R. Breyer to 30 months of imprisonment followed by three years of supervised release for violating of Title 18, United States Code, Section 922(g)(1), Felon in Possession of a Firearm and Ammunition, arising out of his attempt to sell a loaded semiautomatic firearm on McAllister Street in San Francisco. Among other conditions, the defendant was required to stay away from the Tenderloin neighborhood during his term of supervised release as a special condition of supervision.

The record also shows that after his release from custody, the defendant repeatedly violated his conditions of release—including failing to reside in residential reentry centers, failing to participate in required substance abuse treatment, and absconding multiple times from supervision, including for over a year between Summer 2022 and Fall 2023.

Further, the record shows that following the defendant's release from federal custody on December 1, 2023 pending revocation proceedings, the defendant violated his conditions of release in less than a week by abusing fentanyl, failed to appear before Judge Breyer within two weeks on December 15, 2023 such that a bench warrant issued, and absconded from supervision.

At the hearing on this matter, defense counsel proffered the defendant's assertion that he has been going to drug treatment. U.S. Probation, however, was unaware of his asserted attendance and stated that the defendant has previously not attended treatment. Defense counsel also requested that the defendant be placed on ankle monitoring as an alternative to detention. According to Probation, the defendant's history of not complying with simple directives of supervised release indicated this was not a viable option.

Accordingly, the Court finds that there are no conditions or combination of conditions that will reasonably assure the appearance of the defendant as required, taking into account the available information presented in the record as a whole.

These findings are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

The Court has considered all the evidence and arguments presented, and has also considered the

recommendation of Probation in this case. The defendant is therefore DETAINED until the next Status Conference before the Honorable Charles R. Breyer, set for **April 5, 2024 at 9:30 a.m**.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

DATED: March 4, 2024

_____
HONORABLE PETER H. KANG
United States Magistrate Judge